■ In the Matter of BUFFALO POLICE BENEVOLENT ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, MICHAEL R. CUEVAS, as Chairman, Respondent. [752 NYS2d 498] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Fahey, J.), entered June 13, 2002, to review a determination of respondent after a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination of respondent, New York State Public Employment Relations Board (PERB), that petitioner had engaged in an improper labor practice by failing and refusing to negotiate in good faith with the City of Buffalo (City) regarding proposals and a draft agreement for the implementation of a timetable to commence the utilization of one-officer/two-officer patrols. We reject petitioner's contention that PERB lacked jurisdiction over the labor dispute between petitioner and the City. PERB has exclusive jurisdiction over labor disputes involving the refusal to negotiate in good faith (*see* Civil Service Law § 205 [5] [d]; § 209-a [2] [b]; *Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y.,* 44 NY2d 336, 342). If the labor dispute has been expressly settled by the collective bargaining agreement, then there is no statutory duty to bargain in good faith with respect to that dispute and PERB would not have jurisdiction over it (*see Matter of Roma v Ruffo,* 92 NY2d 489, 494-495). In this case, however, the collective bargaining agreement provided that petitioner and the City were to continue their negotiations on the issue of one-officer/two-officer patrols. Thus, the labor dispute was not expressly settled by the collective bargaining agreement and the statutory duty to negotiate in good faith continues (*see id.*). PERB therefore had jurisdiction over the City's improper practice charge against petitioner, which alleged that petitioner had refused to negotiate the issue in good faith. Contrary to petitioner's further contention, the Prosper Public Arbitration Panel award did not set forth two conditions precedent to a third condition requiring petitioner and the City to negotiate a timetable for the implementation of one-officer/two-officer patrols. That award set forth three conditions that petitioner and the City were required to meet, but it did not specify that the first two conditions were conditions precedent. We have examined petitioner's remaining contention and conclude that it lacks merit. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.