■ In the Matter of INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 409, Petitioner, v STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [780 NYS2d 251]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Salvatore R. Martoche, J.], entered January 13, 2004) to annul a determination of respondent State of New York Public Employment Relations Board after a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent State of New York Public Employment Relations Board (PERB) affirming the decision of the Administrative Law Judge (ALJ) that petitioner violated Civil Service Law § 209 (2) when it refused to provide certain information to respondent Board of Education of the City School District of the City of Buffalo (District). That information concerned individuals employed by the 81 custodians who worked for the District and expenditures with respect to services provided by them. The custodians are represented by petitioner, and each custodian is assigned to a school building and is responsible for providing janitorial and other services pursuant to a collective bargaining agreement (CBA) and an individual custodial engineering contract (CEC). Each custodian receives untaxed payments under his or her respective CEC to provide the various services. The individuals employed by the custodians are members of a separate union, and the terms and conditions of their employment are governed by the CBA between their union and petitioner. The custodians previously have not provided the District with an accounting of the funds provided under each CEC. In the course of negotiations for a successor CBA between the District and petitioner, petitioner proposed to increase its members' salaries and untaxed payments. In response thereto, the District requested information concerning the individuals employed by the custodians and the payments made pursuant to the CEC in place for each school building. When petitioner refused to provide that information, the District filed an improper practice

charge against petitioner, and a hearing was held before the ALJ.

Contrary to petitioner's contention, the determination of PERB is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Also contrary to petitioner's contention, the determination has " 'foundation in fact' " and therefore is not arbitrary or capricious (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Here, the District did not possess the information it was requesting, nor had it previously received that information with respect to prior CECs. The record contains substantial evidence supporting the determination of PERB that the District required the information in order to negotiate a successor CBA (*see Matter of Village of Johnson City [Johnson City Firefighters Assn., Local 921, AFL-CIO, IAFF]*, 12 PERB ¶ 3020, 3039 [1979]; *Matter of City of New York [Patrolmen's Benevolent Assn. of City of N.Y.]*, 9 PERB ¶ 4502, 4511-4512 [1976]).

We reject the further contention of petitioner that PERB erred in rejecting its "defense of duty satisfaction." Here, the District requested the information at issue for negotiation of a *new* agreement, and that defense applies to existing agreements. Under the defense of duty satisfaction, "a respondent is claiming affirmatively that it and the charging party have already negotiated the subject(s) at issue and have reached an agreement as to how the subject(s) [are] to be treated, at least for the duration of the parties' agreement" (*Matter of Police Benevolent Assn. of Police Dept. of County of Nassau [County of Nassau Police Dept.]*, 31 PERB ¶ 3064, 3142 [1998]). Additionally, based on the record before us, we reject petitioner's contentions that the ALJ "misapplied relevant decisional law" and relied "exclusively on [National Labor Relations Board] authority" in rendering her decision. Finally, we reject petitioner's contention that PERB lacked the authority to direct petitioner to provide the information at issue. PERB was authorized to do so pursuant to Civil Service Law § 205 (5) (d) (*see Matter of Buffalo Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 300 AD2d 1080 [2002]). Present—Pigott, Jr., P.J., Pine, Kehoe and Hayes, JJ. [*See* — AD3d —, Oct. 1, 2004.]